IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

———————————————————

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| and | ) | |
| | ) | Civil Action No. |
| STATE OF TEXAS, | ) | |
| | ) | Judge |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| CITY OF CORPUS CHRISTI, TEXAS, | ) | |
| | ) | |
| Defendant. | ) | |

———————————————————

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States, and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency (the "EPA"), and the State of Texas ("Texas" or "State of Texas"), by and through the Texas Commission on Environmental Quality (the "TCEQ"), file this Complaint and allege as follows:

## NATURE OF ACTION

1. This is a civil action for injunctive relief and civil penalties brought under Sections 309(b) and (d) of the Clean Water Act ("CWA" or "Act"), 33 U.S.C. §§ 1319 (b) and (d), and under Chapter 7, §§ 7.002, 7.032, 7.101, 7.102, 7.105 and 7.108, and Chapter 26, § 26.001, *et seq.*, of the Texas Water Code ("Tex. Water Code"), against the Defendant, the City of Corpus Christi, Texas ("Corpus Christi" or the "City"), for: (1) failing to comply with the terms and conditions of the City's Texas Pollutant Discharge Elimination System ("TPDES") permits and (2) unpermitted and illegal discharges of pollutants in violation of the Texas Water Code.

2.     In addition, the United States seeks an order pursuant to Section 504(a) of the CWA, 33 U.S.C. § 1364(a), requiring Corpus Christi to take such actions as may be necessary to abate the imminent and substantial endangerment to the health of persons caused by the City's violations of the CWA and the Tex. Water Code.  Subject to a reasonable opportunity for further investigation and discovery, these violations have caused or contributed to high levels of bacteria in recreational waters at or near beaches in and around the City.

3.     On numerous occasions since at least 2007, the City has discharged untreated sewage and other harmful pollutants from the sanitary sewage collection and treatment systems that are part of the City's Publicly Owned Treatment Works ("POTW").  These discharges impacted navigable waters flowing through and around Corpus Christi.  Sewage was also discharged onto public and private property within the City.  Some of these discharges were caused by the POTW's failure to fully treat wastewaters at its six waste water treatment plants ("WWTPs").  Others were caused by poor maintenance and operation of the collection systems associated with those WWTPs.  As a result, and as further alleged in this Complaint, Corpus Christi violated: a) several terms and conditions of the TPDES permits that govern the operation and maintenance of the Defendant's POTW and b) Texas law.

4.     Untreated sewage contains organic matter, bacteria, and other potential pathogens that can cause a number of diseases in humans, including, but not limited to, enteric diseases such as gastroenteritis, dysentery, and cholera.  The bacteria and pathogens contained in sewage are also harmful to the environment, including, but not limited to, aquatic life.

## JURISDICTION, VENUE, AUTHORITY, AND NOTICE

5.      This Court has subject matter jurisdiction over the claims made by the United States in this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, and 1355.

6.      This Court has supplemental jurisdiction over the State law claims alleged herein pursuant to 28 U.S.C. § 1367(a), because the State claims are related to the federal claims and form part of the same case or controversy.

7.      This Court has personal jurisdiction over the Defendant, and venue is proper in the Southern District of Texas pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because this is the district where the Defendant is located and where the alleged violations occurred.

8.      The Attorney General of the United States is authorized to appear and represent the United States in this action pursuant to Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

9.      The Texas Attorney General has authority to bring this action on behalf of the TCEQ in accordance with Section 7.105 of the Tex. Water Code.

10.      Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), the United States has notified Texas of the filing of this action.

## PARTIES

11.      Plaintiff, the United States, is acting at the request and on behalf of the EPA.

12.      Plaintiff, the State of Texas, is acting at the request and on behalf of the TCEQ and joins this action as a plaintiff, pursuant to Section 309(e) of the CWA, 33 U.S.C. § 1319(e).

13.     The State of Texas is a "State" and a "person" within the meaning of Section 502(3) and (5) of the CWA, 33 U.S.C. § 1362(3) and (5).

14.     Defendant Corpus Christi is a city and a political subdivision of the State of Texas, created pursuant to the laws of the State of Texas.  Corpus Christi is also a "municipality" within the meaning of Section 502(4) of the CWA, 33 U.S.C. § 1362(4).

15.     Defendant Corpus Christi is a "person" as defined in Section 502(5) of the CWA, 33 U.S.C. § 1362(5), the regulations promulgated thereunder at 40 C.F.R. § 122.2, and Tex. Water Code § 26.001(25).

## STATUTES AND REGULATIONS

### A.  The Clean Water Act's and Texas Water Code's Prohibition of Unpermitted Discharges

16.     The CWA establishes a national goal of eliminating the discharge of pollutants into navigable waters.  33 U.S.C. § 1251(a)(1).

17.     Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines the term "navigable waters" as the waters of the United States, including the territorial seas.

18.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person except in compliance with that section, and, where applicable, the requirements of a national pollutant discharge elimination system ("NPDES") permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

19.      The Texas Water Code includes a similar prohibition and provides that "[e]xcept as authorized by the [TCEQ], no person may discharge any pollutant, sewage, municipal waste, recreational waste, agricultural waste, or industrial waste from any point source into any water in the state."  Tex. Water Code § 26.121(d); *see also id.* at § 26.121(a)(1).

- 4 -

20.     Under Tex. Water Code § 26.001(5), "water in the state" includes "groundwater, percolating or otherwise, lakes, bays, ponds, impounding reservoirs, springs, rivers, streams, creeks, estuaries, wetlands, marshes, canals, the Gulf of Mexico . . .  and all other bodies of surface water . . . navigable or non-navigable."

21.     Tex. Water Code § 26.001(20) defines the term "discharge" to include depositing, conducting, draining, emitting, throwing, running, allowing to seep, or otherwise releasing or disposing of."

22.     Tex. Water Code § 26.001(13) defines the term "pollutant" to include sewage, sewage sludge, biological materials, and municipal waste discharged into any water in the state.

23.     Tex. Water Code § 26.001(21) defines the term "point source" as "any discernable, confined, and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, or conduit" from which pollutants or wastes are or may be discharged.

**B.  Federally Issued NPDES and Texas-Issued "TPDES" CWA Permits**

24.     Section 402 of the CWA, 33 U.S.C. § 1342, provides that the permit-issuing authority may issue an NPDES permit (or state equivalent) authorizing the discharge of pollutants in compliance with Section 301 of the Act, 33 U.S.C. § 1311, subject to such conditions that the EPA determines are necessary to carry out the provisions of the CWA.

25.     Under Section 402(b) of the CWA, 33 U.S.C. § 1342(b), the EPA may approve a state to administer its own permit program.  Pursuant to Section 402(b), the State of Texas was granted NPDES permitting authority within the jurisdictional boundaries of the State on September 14, 1998.  Accordingly, by and through the TCEQ, the State of Texas issues TPDES

permits authorizing the discharge of waste or pollutants into or adjacent to water in the state, pursuant to Section 26.027 of the Tex. Water Code.

### C.  **The United States' and Texas' Clean Water Act Enforcement Authorities**

26.    Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the EPA "to commence a civil action for appropriate relief, including a permanent or temporary injunction," when any person is in violation of any permit condition or limitation in a permit issued by a state under Section 402 of the CWA, 33 U.S.C. § 1342.

27.    Pursuant to Tex. Water Code § 5.230, the executive director of the TCEQ may enforce, among other things, "the terms and conditions of any permit . . . order, standard, or rule by injunction or other appropriate remedy in a court of competent jurisdiction."  Pursuant to Tex. Water Code § 7.002, the TCEQ may institute legal proceedings to compel compliance with the relevant provisions of the Texas Water Code, rules, orders, permits or other decisions of the commission.  Pursuant to Tex. Water Code § 7.105, at the request of the TCEQ, the Texas Attorney General "shall institute a suit in the name of the state for injunctive relief under Section 7.032, to recover a civil penalty, or for both injunctive relief and a civil penalty."

28.    Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates any permit condition or limitation in a permit issued by a state under Section 402 of the CWA, 33 U.S.C. § 1342, shall be liable for civil penalties.  Adjusted for inflation, civil penalties of up to $32,500 per day may be assessed for each violation which takes place after March 15, 2004, up to $37,500 per day for each violation which takes place after January 12, 2009, and up to $54,833 per day for each violation which takes place after November 2, 2015.  *See* 40 C.F.R.

§ 19.4 (including amendments to that regulation promulgated at 84 Fed. Reg. 2,059 (Feb. 6, 2019)).

29.     Tex. Water Code § 7.102 provides "[A] person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit relating to any other matter within the commission's jurisdiction to enforce . . . shall be assessed for each violation a civil penalty not less than $50 nor greater than $25,000 for each day of each violation as the court or jury considers proper.  Each day of a continuing violation is a separate violation."

### D.  Authority to Abate Imminent and Substantial Endangerments

30.     Section 504(a) of the CWA, 33 U.S.C. § 1364(a), provides that, notwithstanding any other provision of the CWA, the EPA, "upon receipt of evidence that a pollution source or combination of sources is presenting an imminent and substantial endangerment to the health of persons," may bring suit on behalf of the United States to "restrain any person causing or contributing to the alleged pollution to stop the discharge of pollutants causing or contributing to such pollution or to take other such action as may be necessary."

## GENERAL ALLEGATIONS

### A.  Corpus Christi's Publicly Owned Wastewater Treatment Works

31.     At all times relevant to the Complaint, Defendant Corpus Christi has owned and operated a "treatment works" within the meaning of CWA Section 212, 33 U.S.C. § 1292, and a "publically owned treatment works" or "POTW" within the meaning of 40 C.F.R. § 403.3(q) (the "Corpus Christi POTW").

32.     Section 212 of the CWA, 33 U.S.C. § 1292, defines "treatment works" as "any devices and systems used in the storage, treatment, recycling, and reclamation of municipal

sewage or industrial wastes of a liquid nature to implement section 1281 [of the CWA] . . . including intercepting sewers, outfall sewers, sewage collection systems, pumping, power, and other equipment, and their appurtenances."

33.     EPA regulations at 40 C.F.R. § 403.3(q), define POTW as a "treatment works as defined by section 212 of the [CWA], which is owned by a State or municipality (as defined by section 502(4) of the Act)."

34.     Six wastewater treatment plants ("WWTPs") (collectively referred to as the "Corpus Christi WWTPs") and their associated wastewater collection systems comprise the Corpus Christi POTW, which services a city of more than 300,000 people and spans more than 130 square-miles.

35.     Each of the Corpus Christi WWTPs is a wastewater treatment system used to store, treat, recycle, and reclaim municipal sewage or industrial wastes of a liquid nature.

36.     Each of the Corpus Christi WWTPs is fed by an extensive collection system designed to convey wastewater, including untreated sewage and other pollutants, from the City's wastewater customers through pipes, channels, tunnels, or other conduits to its corresponding WWTP for treatment.  These collection systems include approximately 1,200 miles of gravity sewers, 100 miles of force mains, 100 lift stations, and other appurtenances.

37.     The collection systems associated with each WWTP will be collectively referred to as the "Corpus Christi Wastewater Collection and Transmission System" or "Corpus Christi WCTS."

38.     Pursuant to Section 402(a) of the CWA, 33 U.S.C. § 1342(a), and Tex. Water Code § 26.027, the TCEQ, or its predecessor, the Texas Natural Resources Conservation

Commission, issued Corpus Christi a TPDES permit for each of the City's six WWTPs and associated wastewater collection system (collectively, the "Corpus Christi TPDES Permits").

### B. Corpus Christi's Six Wastewater Treatment Plants

39.     Each of the Corpus Christi WWTPs received an initial NPDES permit in the 1960s or 1970s.  Since their initial issue, the permits have been renewed and/or modified periodically by the EPA or State of Texas.  Each Corpus Christi WWTP has been subject to a TPDES permit at all times relevant to the claims in this Complaint.

*Allison WWTP*

40.     The Allison Wastewater Treatment Plant ("Allison WWTP") is located at 4101 Allison Road, in the northwest portion of Corpus Christi approximately one mile north of Interstate Highway 37, in Nueces County, Texas 78410.

41.     TPDES permit number WQ0010401006 (TX0047082) governs the relevant period for the Allison WWTP and its associated collection system ("Allison Permit").  For the relevant period, the Allison Permit was issued on November 12, 2002, and renewed on July 7, 2009, and January 12, 2015.  The Allison Permit expired on May 1, 2018.

42.     Corpus Christi has applied for the renewal of the Allison Permit.  The Allison Permit has been administratively continued and remains effective until the TCEQ either approves, denies, or returns the application.  *See* Allison Permit, *Permit Conditions* ¶ 4(c); 30 TEX. ADMIN. CODE § 305.63(a).

43.     The Allison Permit authorizes discharges of treated wastewater from the Allison WWTP from Outfall 001 to the Nueces River Tidal in Segment No. 2101 of the Nueces River Basin.

44.     The Allison Permit also authorizes discharges of treated wastewater from the Allison WWTP from Outfall 002 to South Lake, which flows into Nueces Bay in Segment No. 2482 of the "Bays and Estuaries," as that term is used in the Texas Administrative Code, 30 TEX. ADMIN. CODE § 307.3.

### New Broadway WWTP

45.     The New Broadway Wastewater Treatment Plant ("New Broadway WWTP") is located at 1402 West Broadway Street, in Corpus Christi, Nueces County, Texas, 78401.

46.     TPDES permit number WQ0010401005 (TX0047066) ("Broadway Permit") governs the relevant period for what was originally known as the Broadway Wastewater Treatment Plant and its associated collection system.  For the relevant period, the Broadway Permit was issued on June 6, 2005.  On October 29, 2009, the Broadway Permit was amended ("New Broadway Permit") to reflect updates and additions to the facility, which is now known as the New Broadway WWTP.  The New Broadway Permit was renewed on June 28, 2011, December 10, 2013, and March 9, 2017.  The New Broadway Permit is set to expire on June 1, 2020.

47.     The New Broadway Permit authorizes discharges of treated wastewater from the New Broadway WWTP directly to Corpus Christi Inner Harbor in Segment No. 2484 of the Bays and Estuaries.

### Greenwood WWTP

48.     The Greenwood Wastewater Treatment Plant ("Greenwood WWTP") is located at 6541 Greenwood Drive, at the intersection of State Highway 357 and Greenwood Drive, in Corpus Christi, Nueces County, Texas, 78415.

49.     TPDES permit number WQ0010401003 (TX0047074) governs the relevant period for the Greenwood WWTP and its associated collection system ("Greenwood Permit"). For the relevant period, the Greenwood Permit was issued on January 28, 2003, then renewed on April 16, 2008 and March 24, 2014.  The Greenwood Permit expired on June 1, 2017.

50.     On December 5, 2016, Corpus Christi submitted an application to renew the Greenwood Permit.  The Greenwood Permit has been administratively continued and remains effective until the TCEQ either approves, denies, or returns the application.  *See* Greenwood Permit, *Permit Conditions* ¶ 4(c); 30 TEX. ADMIN. CODE § 305.63(a).

51.     The Greenwood Permit authorizes discharges of treated wastewater from the Greenwood WWTP via a pipeline to a tributary (locally known as La Volla Creek) of Oso Creek, which then flows into Oso Bay in Segment No. 2485 of the Bays and Estuaries.

### *Laguna Madre WWTP*

52.     The Laguna Madre Wastewater Treatment Plant ("Laguna Madre WWTP") is located at 201 Jester Street, approximately one-half mile east of the intersection of Jester Street and N.A.S. Drive in Corpus Christi, Texas, 78418.

53.     TPDES permit number WQ0010401008 (TX0047104) governs the relevant period for the Laguna Madre WWTP and its associated collection system ("Laguna Madre Permit").  For the relevant period, the Laguna Madre Permit was issued on July 21, 2005, then renewed on August 2, 2010 and August 6, 2015.  The Laguna Madre Permit is set to expire on April 1, 2020.

54.     The Laguna Madre permit authorizes discharges of treated wastewater from the Laguna Madre WWTP to Corpus Christi Bay in Segment No. 2481 of the Bays and Estuaries.

*Oso WWTP*

55.     The Oso Wastewater Treatment Plant ("Oso WWTP") is located at 601 Nile Drive, at the intersection of Nile Drive and Ennis Joslin Road in Corpus Christi, Nueces County, Texas, 78412.

56.     TPDES permit number WQ0010401004 (TX0047058) governs the relevant period for the Oso WWTP and its associated collection system ("Oso Permit").  For the relevant period, the Oso Permit was issued on December 7, 2006, and renewed on April 29, 2011.  The Oso Permit expired on June 1, 2014.

57.     Corpus Christi has applied for the renewal of the Oso Permit. The Oso Permit has been administratively continued and remains effective until the TCEQ either approves, denies, or returns the application.  *See* Oso Permit, *Permit Conditions* ¶ 4(c); 30 TEX. ADMIN. CODE § 305.63(a).

58.     The Oso Permit authorizes discharges of treated wastewater from the Oso WWTP via a 72-inch pipe into a 40-foot wide tidal channel.  The tidal channel flows into Oso Bay in Segment No. 2485 of the Bays and Estuaries.

*Whitecap WWTP*

59.     The Whitecap Wastewater Treatment Plant ("Whitecap WWTP") is located at 13409 Whitecap Boulevard at the west end of Whitecap Boulevard on Padre Island in Corpus Christi, Nueces County, Texas, 78418.

60.     TPDES permit number WQ0010401009 (TX0047121) governs the relevant period for the Whitecap WWTP and its associated collection system ("Whitecap Permit").  For the relevant period, the Whitecap Permit was issued on March 7, 2005, then renewed on

September 30, 2009, August 14, 2014, and February 12, 2018. The Whitecap Permit is set to expire on July 1, 2020.

61. The Whitecap Permit authorizes discharges of treated wastewater from the Whitecap WWTP directly to Laguna Madre in Segment No. 2491 of the Bays and Estuaries.

62. Each discharge location described in Paragraphs 43, 44, 47, 51, 54, 58, and 61 (collectively, "WWTP Outfalls") is a "point source" within the meaning of Tex. Water Code § 26.001(21).

**C. The Prohibitions and Requirements of Corpus Christi's TPDES Permits**

63. The Corpus Christi TPDES Permits prohibit discharges of wastewater into or adjacent to water in the state from any location in the Corpus Christi WCTS other than the WWTP Outfalls. *Corpus Christi TPDES Permits Conditions,* ¶ 2(g).

64. In addition, the Corpus Christi TPDES Permits authorize discharges of treated wastewater from the WWTP Outfalls only if they are made in accordance with the effluent limitations, monitoring and reporting requirements, and other conditions set forth in the Corpus Christi TPDES Permits.

65. The Corpus Christi TPDES Permits limit the average annual flow of effluent from each of the WWTP Outfalls. The Corpus Christi TPDES Permits also limit the mass and concentration of certain pollutants that may be contained in the effluent ("Effluent Limitations"). *Corpus Christi TPDES Permits Effluent Limits and Monitoring Requirements,* ¶ 1-7.

66. In accordance with 40 C.F.R. § 122.41(e), each of the Corpus Christi TPDES Permits also require the City to ensure at all times that the respective WWTP and its associated

WCTS are properly operated and maintained. *Corpus Christi TPDES Permits Operational Requirements,* ¶ 1.

### D. Corpus Christi's Unauthorized Sanitary Sewer Overflows and TPDES Permit Violations

67.    Since at least 2007 and at all times relevant to this Complaint, Defendant Corpus Christi's failure to operate and maintain the Corpus Christi POTW resulted in a substantial number of blockages in the pipes and other conduits that comprise the Corpus Christi WCTS.

68.    The blockages in the Corpus Christi WCTS were caused by buildups of fats, oil and grease, root obstructions, or the accumulation of other debris in the Corpus Christi WCTS.

69.    Since at least 2007 and at all times relevant to this Complaint, Defendant Corpus Christi's failure to operate and maintain the Corpus Christi POTW resulted in structural defects, line breaks, or other deficiencies in the Corpus Christi WCTS.

70.    At all times relevant to this Complaint, structural defects, line breaks, and other deficiencies in the WCTS allowed the inflow and infiltration of water ("I/I") into the Corpus Christi WCTS.

71.    On more than 6,000 occasions since at least 2007, Corpus Christi has released untreated sewage from the Corpus Christi WCTS at locations other than the WWTP Outfalls. Such releases from a collection system are referred to as "sanitary sewer overflows" or "SSOs."

72.    On numerous occasions since at least 2007, blockages, structural defects, line breaks, I/I or other deficiencies in the Corpus Christi WCTS caused SSOs.

73.    On numerous occasions since at least 2007, untreated sewage released from the Corpus Christi WCTS by SSOs flowed into nearby waters that are "waters of the United States" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7), and 40 C.F.R. § 122.2, or

- 14 -

into or adjacent to a "water in the State" within the meaning of Tex. Water Code § 26.001(5). These waters include, but are not limited to, the Nueces River, Corpus Christi Bay, Oso Creek, Oso Bay, and Laguna Madre.

74.     The Nueces River has water flowing in it all or most of the year, and subject to a reasonable opportunity for investigation and discovery, is a navigable-in-fact waterbody.

75.     The Nueces River flows into the Nueces Bay.

76.     The Oso Creek has water flowing in it all or most of the year, and subject to a reasonable opportunity for investigation and discovery, is a navigable-in-fact waterbody.

77.     The Oso Creek flows into the Oso Bay.

78.     The Nueces Bay and the Oso Bay flow into the Corpus Christi Bay, which flows into the Gulf of Mexico.

79.     Laguna Madre is a permanent lagoon connected to the Corpus Christi Bay and the Gulf of Mexico.

80.     The Nueces Bay, Corpus Christi Bay, and Laguna Madre are used by boats, and they are all traditional, navigable-in-fact waterbodies.

81.     On numerous occasions since at least 2007, Corpus Christi discharged effluent from its WWTPs that failed to comply with the Effluent Limitations contained in the Corpus Christi TPDES Permits, including, for example, limits for flow, *enterococci*, fecal coliform, total suspended solids, biological oxygen demand, ammonia, nitrogen, copper, residual chlorine, and pH.

82.     The State of Texas includes portions of Oso Creek, Laguna Madre, and three shoreline segments of Corpus Christi Bay (recreational areas known as Ropes Park, Cole Park,

and Poenisch Park) on its list of impaired waters, pursuant to Section 303(d) of the Act, 33 U.S.C. § 1313(d).  Each of these segments is listed as impaired because of bacteria levels.

83.     Subject to a reasonable opportunity for further investigation and discovery, on numerous occasions since at least 2007, the exceedances of effluent limits for bacteria at the Corpus Christ WWTPs and SSOs from the Corpus Christi WCTS caused or contributed to levels of *enterococci* bacteria in recreational waters and at or near beaches in and around Corpus Christi that were at or above 104 colony forming units ("cfu")/100 milliliters ("ml").

84.     Humans may be exposed to these waters, including at times when levels of *enterococci* bacteria are at or above 104 cfu/100 ml.

85.     The potential for human exposure to waters with levels of *enterococci* bacteria at or above 104 cfu/100 ml presents a risk to human health.  *Enterococci* bacteria indicate the presence of pathogens capable of causing illness in humans.

86.     Subject to a reasonable opportunity for further investigation and discovery, blockages, structural defects, line breaks, I/I, or other deficiencies in the Corpus Christi WCTS will continue to cause SSOs from the Corpus Christi WCTS, which will continue to create the potential for human exposure to waters with levels of *enterococci* bacteria at or above 104 cfu/100 ml and present a risk to human health.

87.     Subject to a reasonable opportunity for further investigation and discovery, discharges of effluent from the Corpus Christi WWTPs that exceeded the Effluent Limitations for *enterococci* bacteria, have and will continue to cause or contribute to levels of *enterococci* bacteria in recreational waters and at or near beaches in and around the City in excess of 104 cfu/100 ml.

## FIRST CLAIM FOR RELIEF

### Unauthorized Discharges of Wastewater in Violation of the
### Corpus Christi TPDES Permits

88.     Paragraphs 1 through 87 are re-alleged and incorporated herein by reference.

89.     The SSOs that occurred from the Corpus Christi WCTS on numerous occasions since at least 2007, and that continue to occur, were unauthorized discharges of wastewater into or adjacent to water in the state from locations not authorized in the Corpus Christi TPDES Permits.

90.     Each day of each SSO constitutes a separate violation of Paragraph 2(g) of the Permit Conditions found in the applicable Corpus Christi TPDES Permit.

91.     Unless restrained by an order of the Court, Defendant Corpus Christi will continue to experience SSOs, in violation of the Corpus Christi TPDES Permits.

92.     As a result of its violations, the City is subject to both injunctive relief, pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and Tex. Water Code § 5.230, and civil penalties, pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), and Tex. Water Code § 7.102, as described in Paragraphs 26-29.

## SECOND CLAIM FOR RELIEF

### Failure to Properly Operate and Maintain the
### Corpus Christi POTW as Required by the Corpus Christi TPDES Permits

93.     Paragraphs 1 through 87 are re-alleged and incorporated herein by reference.

94.     Many of the SSOs that occurred on numerous occasions since at least 2007, and that continue to occur, are a result of blockages, structural defects, line breaks, I/I and other

deficiencies, arising from Corpus Christi's failure to properly operate and maintain the Corpus Christi POTW.

95.     Each day of each SSO caused by Corpus Christi's failure to properly operate and maintain the Corpus Christi POTW constitutes a separate violation of Paragraph 1 of the Operational Requirements found in the applicable Corpus Christi TPDES Permit.

96.     Unless restrained by an order of the Court, Defendant Corpus Christi will continue to fail to properly operate and maintain the Corpus Christi POTW and will continue to experience SSOs, in violation of the Corpus Christi TPDES Permits.

97.     As a result of its violations, the City is subject to both injunctive relief, pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and Tex. Water Code § 5.230, and civil penalties, pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), and Tex. Water Code § 7.102, as described in Paragraphs 26-29.

## THIRD CLAIM FOR RELIEF

### Failure to Comply with Corpus Christi's TPDES Permits' Effluent Limitations

98.     Paragraphs 1 through 87 are re-alleged and incorporated herein by reference.

99.     On numerous occasions since at least 2007, Corpus Christi discharged effluent from its WWTPs that failed to comply with the Effluent Limitations contained in the Corpus Christi TPDES Permits, including, for example, limits for flow, *enterococci*, fecal coliform, total suspended solids, biological oxygen demand, ammonia, nitrogen, copper, residual chlorine, and pH.

100.     Each day of each discharge that failed or fails to comply with any Effluent Limitations in the applicable Corpus Christi TPDES Permit is a separate violation of the applicable Corpus Christi TPDES Permit.

101.     Unless restrained by an order of the Court, Defendant Corpus Christi will continue to violate the Effluent Limitations contained in the Corpus Christi TPDES Permits.

102.     As a result of its violations, the City is subject to both injunctive relief, pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and Tex. Water Code § 5.230, and civil penalties, pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), and Tex. Water Code § 7.102, as described in Paragraphs 26-29.

## FOURTH CLAIM FOR RELIEF

### Releases of Sewage and Effluent Violations
### Endanger Human Health, Pursuant to Section 504(a) of the CWA

103.     Paragraphs 1 through 87 are re-alleged and incorporated herein by reference.

104.     Sewage is "pollution" as defined in Section 502(19) of the CWA, 33 U.S.C. § 1362(19).  Hence, the Corpus Christi WCTS and the WWTP Outfalls are "pollution sources" within the meaning of Section 504(a).

105.     Subject to a reasonable opportunity for further investigation and discovery, since at least 2007, Defendant Corpus Christi, through discharges of pollutants, as defined in Section 502(12) of the CWA, 33 U.S.C. § 1362(12), from the Corpus Christi WWTPs that exceeded the Effluent Limitations for *enterococci* bacteria, caused or contributed to levels of *enterococci* bacteria in recreational waters and at or near beaches in and around the City in excess of 104 cfu/100 ml.

106.     Subject to a reasonable opportunity for further investigation and discovery, since at least 2007, Defendant Corpus Christi, through SSOs constituting discharges of pollutants, as defined in Section 502(12) of the CWA, 33 U.S.C. § 1362(12), from the Corpus Christi WCTS into waters of the United States, caused or contributed to levels of *enterococci* bacteria in recreational waters and at or near beaches in and around the City in excess of 104 cfu/100 ml.

107.     Levels of *enterococci* bacteria in recreational waters and at or near beaches in and around the City in excess of 104 cfu/100 ml present an "imminent and substantial endangerment to the health of persons" as defined in Section 504(a) of the CWA, 33 U.S.C. § 1364(a).

108.     Unless restrained by the Court, the Corpus Christi POTW will continue to cause or contribute to bacteria levels that present an imminent and substantial endangerment to the health of persons.

## FIFTH CLAIM FOR RELIEF

**Unauthorized Discharges of Sewage, in Violation of Tex. Water Code § 26.121 (State Only)**

109.     Paragraphs 1 through 87 are re-alleged and incorporated herein by reference.

110.     On numerous occasions since at least 2007, Corpus Christi discharged pollutants, including treated and untreated sewage, from WWTP Outfalls and during SSOs from the Corpus Christi WCTS into "water in the state" within the meaning of Tex. Water Code § 26.001(5), including, but not limited to, the Nueces River, Corpus Christi Bay, Oso Creek, Oso Bay, and Laguna Madre.

111.     The WWTP Outfalls, manholes, pipes, conduits, and other locations in the Corpus Christi WCTS from which the SSOs were released are "point source[s]" within the meaning of Tex. Water Code § 26.001(21).

112.     The treated and untreated sewage discharged from WWTP Outfalls and during the SSOs is a "pollutant," or alternatively, contains one or more "pollutant[s]," within the meaning of Tex. Water Code § 26.001(13).

113.     The SSOs and the consequent discharge of pollutants, such as untreated sewage, from the Corpus Christi WCTS were not and are not authorized by the Corpus Christi TPDES Permits.

114.     Discharges from the Corpus Christi WWTPs that failed or fails to comply with any Effluent Limitations in the applicable Corpus Christi TPDES Permit are not authorized by the Corpus Christi TPDES Permits.

115.     Each day of each unauthorized discharge of a pollutant into water in the state constitutes a separate violation of Tex. Water Code §§ 7.101 and 26.121.

116.     Unless restrained by an order of the Court, Defendant Corpus Christi will continue to engage in unpermitted discharges of pollutants from the Corpus Christi WCTS in violation of Tex. Water Code §§ 7.101 and 26.121.

117.     As a result of its violations, the City is subject to both injunctive relief, pursuant to Tex. Water Code § 5.230, and civil penalties, pursuant to Tex. Water Code § 7.102, as described in Paragraphs 27 and 29.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs the United States of America and the State of Texas request that the Court enter judgment against Defendant Corpus Christi and in favor of the United States and Texas and provide the following relief:

A.     Pursuant to Section 309(b) of the CWA, 33 U.S.C § 1319(b),  and the Tex. Water Code §§ 5.230, 7.002, 7.032, and 7.105, issue a permanent injunction directing Corpus Christi to: (1)  take all steps necessary to comply with the CWA and the terms and conditions of the Corpus Christi TPDES Permits, and (2) refrain from further violations of the terms and conditions of the Corpus Christi TPDES Permits;

B.     Pursuant to Section 504(a) of the CWA, 33 U.S.C. § 1364(a), restrain Corpus Christi from causing or contributing to pollution that is presenting an imminent and substantial endangerment to the health of persons in Corpus Christi by issuing an order requiring Corpus Christi to: (1) undertake actions to abate releases of untreated sewage from the Corpus Christi WCTS, and (2) take actions to abate violations of Effluent Limits for bacteria at each of the Corpus Christi WWTPs;

C.     Pursuant to Section 309(b) of the CWA, issue a permanent or temporary injunction ordering Corpus Christi to mitigate the past environmental harm caused by its violations of the TPDES permits;

D.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), assess civil penalties against Corpus Christi of up to $32,500 per day for each violation occurring after March 15, 2004, through January 12, 2009; of up to $37,500 per day for each violation occurring after January 12, 2009, through November 2, 2015; up to $54,833 per day for each violation occurring after November 2, 2015; and, pursuant to Tex. Water Code § 7.102, assess civil penalties of no less than $50 nor greater than $25,000 for each day of each violation of the Texas Water Code;

E.       Grant the United States and the State such other relief as the Court deems

appropriate.

Respectfully submitted,

FOR THE UNITED STATES

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division U.S.
Department of Justice
Washington, D.C. 20530

_____
BRANDON ROBERS (Attorney-in-charge)
Senior Counsel, Maryland Bar 1112150055
THOMAS P. CARROLL
Assistant Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC, 20004
Ph: (202) 514-5292
Fax: (202) 616-6584
Brandon.robers@usdoj.gov

RYAN K. PATRICK
United States Attorney
Southern District of Texas

JOHN A. SMITH
Deputy Civil Chief
Southern District of Texas
Texas Bar No. 18627450
800 N. Shoreline, Suite 500

Corpus Christi, Texas 78401

Ph:  361-888-3111

Fax:  (361) 888-3200

OF COUNSEL:

MORGAN ROG

Attorney-Advisor

United States Environmental Protection Agency

Office of Enforcement and Compliance Assurance

1200 Pennsylvania Avenue, NW

Washington, D.C.  20460

RUSTY HERBERT

Senior Assistant Regional Counsel

U.S. Environmental Protection Agency

Region VI

1445 Ross Ave., Suite 1200

Dallas, TX  75202

FOR THE STATE OF TEXAS

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division


_MARK A. STEINBACH_
MARK A. STEINBACH
Assistant Attorney General
State Bar No. 24056653
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
Ph: 512.475.4019
Fax: 512.320.0911
Mark.Steinbach@oag.texas.gov